**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| CHRISTOPHER COOK, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 3:12cv677 |
| | ) |
| SUPERINTENDENT, WESTVILLE | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Court **GRANTS** the Petitioner leave to proceed on grounds one and two of his petition for writ of habeas corpus, dealing with the security videotape he requested as evidence, and **DENIES** him leave to proceed on grounds three and four of his petition.

BACKGROUND

Petitioner Christopher Cook, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the results

of a prison disciplinary hearing. According to his petition, a disciplinary hearing officer found Cook guilty of assault on staff, and sanctioned him with a loss of 365 days of earned credit time, a demotion in credit time earning classification, and one year in segregation (DE 1 at 1).

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground three of his petition, Cook asserts that the "hearing officer stated that they knew the officer who had written [the] conduct report & believes the officer wouldn't lie" which he alleges shows prejudice against him (DE 1 at 3). Due process requires that decision-makers in prison disciplinary proceedings be

2

impartial in that they have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff v. McDonnell*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff v. McDonnell* does not guarantee, however, that the hearing officer will not know the reporting officer, nor does *Wolff v. McDonnell* preclude a disciplinary hearing officer from taking past knowledge of the reporting officer or any other witness, including the accused, into account when making a credibility determination. Nothing in Cook's statement of facts supports an allegation that his hearing officer was not impartial within the meaning of *Wolff v. McDonnell*.

In ground four of his petition, Cook asserts that he "was sanctioned to maximum sanctions w/out having progressive behavior for sanctions imposed" (DE 1 at 3). But nothing in the Constitution's Fourteenth Amendment or *Wolff v. McDonnell* requires that prison officials apply "progressive discipline" when imposing sanctions. If a disciplinary hearing officer took more earned credit time from a prisoner than allowed by Indiana Department of Correction rules, that might state a due process claim upon which relief could be granted. But that a hearing officer imposed the maximum sanctions allowed by the rules, as Cook asserts, states no claim upon which relief can be granted under § 2254.

In ground one of his petition, Cook asserts that he requested evidence in the form of a security videotape but that he was "denied the opportunity to view this video" himself (DE 1 at 3), and in ground two, he alleges that the hearing officer did not give him "any specific details" about what was on the videotape (DE 1 at 3). Giving Cook the benefit of the inferences to which he is entitled at this stage of the proceedings, these grounds may state claims upon which relief may be granted.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Petitioner leave to proceed on grounds one and two of his petition for writ of habeas corpus, dealing with the security videotape he requested as evidence;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DENIES** the Petitioner leave to proceed on grounds three and four of his petition; and

(3) **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**DATED: January 4, 2013**          /S/RUDY LOZANO, Judge
                                    **United States District Court**