# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER COOK, | ) |
| Petitioner, | ) |
| vs. | ) NO. 3:12-CV-677 |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL Facility, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Christopher Cook, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing. This matter is before the Court on the motion to dismiss filed by the Respondent, asserting that the disciplinary hearing officer's finding of guilt and the sanction imposed on the Petitioner have been vacated by the Indiana Department of Correction ("IDOC") Final Reviewing Authority and the matter has been remanded for a rehearing. For the reasons set forth below, the court will **GRANT** the motion to dismiss, and **DIRECT** the Clerk to enter judgment dismissing this case.

BACKGROUND

According to the Report of Disciplinary Hearing, on January 6, 2012, a disciplinary hearing officer found Cook guilty of assault on staff, and sanctioned him with a loss of 365 days of earned credit time, a demotion in credit time earning classification, and

one year in segregation (DE 18-2). On May 7, 2013, the IDOC Final Reviewing Authority set aside the finding of guilt, vacated the sanctions, and remanded the matter for a rehearing (DE 18-1).

DISCUSSION

The Respondent has filed a motion to dismiss asking the Court to dismiss this Petition for writ of habeas corpus because the IDOC Final Reviewing Authority has issued a decision rescinding the finding of guilt in case number WCC-11-12-0563 and vacating the sanctions imposed as a result of the proceeding. Along with his Memorandum in Support, the Respondent has submitted a letter dated May 7, 2013, from IDOC official L. Lytle to the Petitioner that confirms that the case has been remanded for a rehearing and all sanctions have been vacated. (DE 18-1 at 1).

The Petitioner has filed a response to the motion to dismiss in which he does not contest that the sanction against him has been vacated and that the case has been remanded for a rehearing. Cook argues the merits of his petition, stating that the hearing officer denied him access to evidence, and asserts that "at a rehearing this would still be an issue." (DE 19 at 3).

The Respondent's submissions establish that the prison disciplinary decision the Petitioner contests in his habeas petition has been set aside and that the board's decision no longer affects the length or duration of his confinement. Setting aside the finding of guilt and restoring lost earned credit time is the

only relief the Petitioner would receive if this Court were to adjudicate the merits of this petition in his favor, so he has already received all of the relief he could receive in this action.

The Petitioner argues that the issues will remain the same at the rehearing. But at the rehearing, the hearing officer may find Cook not guilty, or might not take earned credit time away from him, or might rule differently on the evidentiary question the Petitioner presents in this habeas petition.

The disciplinary charges against the Petitioner are gone and his out date has been adjusted back to where it was before the disciplinary report he complains of was filed against him. A habeas corpus case dealing with the loss of earned credit time cannot proceed unless an inmate is challenging the lengthening of the duration of his confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). When it appears that a court lacks jurisdiction of the subject matter or that a person lacks standing because he cannot show a reasonable probability of obtaining any tangible benefit from winning, the court is to dismiss the action. *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998); *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992).

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the Respondent's motion to dismiss this petition as moot (DE 17), and **DIRECTS** the Clerk to enter judgment dismissing this case.

**DATED: May 30, 2013**                  /S/RUDY LOZANO, Judge
                                         **United States District Court**